UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:17-CV-23953-KING

ANDRES GOMEZ, on his own and on behalf
Of all other individuals similarly situated,

    Plaintiff,

v.

CLAIRE'S STORES, INC., an Illinois
corporation,

    Defendant.

_____/

**DEFENDANT CLAIRE'S STORES, INC'S**
**ANSWER AND AFFIRMATIVE DEFENSES TO THE COMPLAINT**

Defendant, Claire's Stores, Inc. ("Defendant"), hereby submits its Answer and Affirmative Defenses to the Amended Complaint of Plaintiff, Andres Gomez (the "Plaintiff").

**GENERAL DENIAL**

Defendant denies any allegation, implication, or suggestion that it has committed a violation of or that Plaintiff is entitled to any relief pursuant to, Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*. (the "ADA"), including, but not limited to, these in all unnumbered and numbered introductions, allegations, captions, titles, and paragraphs of the Complaint. Moreover, Defendant denies any liability to Plaintiff and denies any allegation not specifically admitted in this Answer. Defendant reserves the right to seek to amend and/or supplement its Answer as may be necessary.

Defendant responds to the individual numbered paragraphs of the Complaint by correspondingly numbered paragraphs, as follows:

## INTRODUCTION

1. Defendant lacks knowledge or information sufficient to form a belief concerning the allegations in Paragraph 1 of the Complaint and therefore denies them.

2. Defendant admits that Plaintiff purports to bring this action on the basis that Defendant failed to design, construct, maintain, and operate its website, Claires.com (the "Website") but denies that its Website is not fully accessible to blind or visually impaired people. Defendant denies the remaining allegations in Paragraph 2 of the Complaint.

3. Defendant denies the allegations in Paragraph 3 of the Complaint.

4. Defendant admits that the Complaint seeks an injunction but denies that the Plaintiff and/or the putative class is entitled to an injunction. Defendant admits that the Complaint seeks compensatory damages but denies that the Plaintiff and/or the putative class is entitled to compensatory damages and states that compensatory damages are not available under Title III of the ADA, the only claim in this action. Defendant denies the remaining allegations in Paragraph 4 of the Complaint.

## JURISDICTION AND VENUE

5. Defendant admits that this Court has jurisdiction over this action, but denies that Defendant has violated Title III of the ADA and any remaining allegations in Paragraph 5 of the Complaint.

6. Defendant admits that venue is proper in this Court and that it engages in business in this district. Defendant denies the remaining allegations in Paragraph 6 of the Complaint.

## PARTIES

7. Defendant lacks knowledge or information sufficient to form a belief concerning the allegations in Paragraph 7 of the Complaint and therefore denies them.

8. Defendant admits the allegations in the first sentence of Paragraph 8 of the Complaint except that Defendant admits its locations are places of public accommodation under federal law only, and not under Florida law. Defendant lacks knowledge or information sufficient to form a belief concerning the allegations in the second sentence in Paragraph 8 of the Complaint and therefore denies them. Defendant admits the allegations in the last sentence of Paragraph 8 of the Complaint.

9. Defendant lacks knowledge or information sufficient to form a belief concerning the allegations in the first sentence of Paragraph 9 of the Complaint and therefore denies them. Defendant denies the remaining allegations in Paragraph 9 of the Complaint.

10. Defendant lacks knowledge or information sufficient to form a belief concerning the allegations in the first sentence of Paragraph 10 of the Complaint and therefore denies them. Defendant denies the remaining allegations in Paragraph 10 of the Complaint.

11. Defendant denies the allegations in Paragraph 11 of the Complaint.

12. Defendant lacks knowledge or information sufficient to form a belief concerning what Plaintiff's "belief" is and therefore deny the allegations related thereto. Defendant denies the remaining allegations in Paragraph 12 of the Complaint and denies that any purported barriers to access to the Website exist.

13. Defendant denies the allegation that it is incorporated in Illinois. Defendant admits the remaining allegations in Paragraph 13 of the Complaint.

14. Defendant admits that its physical stores are places of public accommodations within the definition of Title III of the ADA. Defendant denies the remaining allegations in Paragraph 14 of the Complaint.

15. Defendant admits the allegations in the first sentence of Paragraph 15 of the Complaint. Defendant denies the allegations in second sentence of Paragraph 15 of the Complaint. Defendant denies the allegations in the third sentence of Paragraph 15 of the Complaint because the acts and omissions giving rise to Plaintiff's claim are not as described in the Complaint. Defendant lacks knowledge or information sufficient to form a belief concerning whether Plaintiff attempted to use the Website, and therefore deny the allegations related thereto. Defendant denies the remaining allegations in Paragraph 15 of the Complaint.

### THE AMERICANS WITH DISABILITIES ACT AND THE INTERNET

16. Defendant lacks knowledge or information sufficient to form a belief concerning the allegations in Paragraph 16 of the Complaint and therefore deny them.

17. Defendant states that the allegations in Paragraph 17 of the Complaint are not directed at Defendant and therefore no response is required.

18. Defendant states that the allegations in Paragraph 18 of the Complaint are not directed at Defendant and therefore no response is required.

19. Defendant states that the allegations in Paragraph 19 of the Complaint are not directed at Defendant and therefore no response is required.

20. Defendant states that the allegations in Paragraph 20 of the Complaint are not directed at Defendant and therefore no response is required

21. Defendant states that the statue and regulations cited in Paragraph 21 of the Complaint speak for themselves and are the best evidence as to their terms and content, and no response to the allegations in Paragraph 21 of the Complaint is required. Defendant denies any suggestion or implication that it violated the ADA.

22. Defendant states that the case law cited in Paragraph 22 of the Complaint, as well as the federal circuit(s) where the court(s) cited is located, speaks for itself and is the best evidence as to its content and precedential value, and therefore no response to the allegations of Paragraph 22 of the Complaint is required. If a response were to be required, Defendant denies the allegations of Paragraph 22 of the Complaint.

## CLASS ACTION ALLEGATIONS

23. Defendant admits that Plaintiff seeks to certify a nationwide putative class as described in Paragraph 23 of the Complaint pursuant to Fed. R. Civ. P. 23(a) and 23(b)(2) but deny that Plaintiff could certify such a putative class.

24. Defendant admits that Plaintiff seeks to certify a Florida putative class as described in Paragraph 23 of the Complaint pursuant to Fed. R. Civ. P. 23(a), 23(b)(2), and 23(b)(3) but deny that Plaintiff could certify such a putative class.

25. Defendant admits that Plaintiff purports to exclude from the putative class any of Defendant's officers, directors, or employees, the presiding judge, and members of their immediate families. Defendant denies that Plaintiff could certify a putative class.

26. Defendant lacks knowledge or information sufficient to form a belief concerning the allegations in the first two sentences in Paragraph 26 of the Complaint and therefore denies them. Defendant denies the allegations in the last sentence of Paragraph 26 of the Complaint.

27. Defendant denies the allegations in Paragraph 27 of the Complaint because such barriers to access to Defendant's Website do not exist.

28. Defendant denies that common [*sic*.] questions of law and fact common to the class exist and otherwise denies the allegations in Paragraph 28 of the Complaint.

29.     Defendant denies the allegations in Paragraph 29 of the Complaint because barriers to access to Defendant's Website do not exist.

30.     Defendant lacks knowledge or information sufficient to form a belief concerning the allegations in the first sentence of Paragraph 30 of the Complaint and therefore denies those allegations.  Defendant denies the remaining allegations in Paragraph 30 of the Complaint.

31.     Defendant denies the allegations in Paragraph 31 of the Complaint.

32.     Defendant denies the allegations in Paragraph 32 of the Complaint because barriers to access to the Website do not exist.

33.     Defendant states that the allegations in Paragraph 33 of the Complaint are not directed at Defendant and therefore no response is required.

## FACTUAL BACKGROUND

34.     Defendant admits the allegations in the first sentence of Paragraph 34 of the Complaint.  Defendant denies the allegations in the second sentence of Paragraph 34 of the Complaint because the Website does allow all consumers to perform the functions described in Paragraph 34 of the Complaint.

35.     Defendant denies the allegations in Paragraph 35 of the Complaint.

### Barriers on Claires.com Deny Plaintiff Access

36.     Defendant lacks knowledge or information sufficient to form a belief concerning the allegations in the first three sentences in Paragraph 36 of the Complaint and therefore denies those allegations.  Defendant denies the remaining allegations in Paragraph 36 of the Complaint because barriers to access to the Website do not exist.

37.     Defendant denies the allegations in Paragraph 37 of the Complaint including subparagraphs (a) through (d).

38. Defendant lacks knowledge or information sufficient to form a belief concerning the allegations in Paragraph 38 of the Complaint and therefore denies the allegations. Defendant further denies any suggestion or implication that it violated the ADA.

39. Defendant denies the allegations in Paragraph 39 of the Complaint.

**Defendant Must Remove Barriers To Its Website**

40. Defendant denies the allegations in Paragraph 40 of the Complaint because barriers to access to the Website do not exist.

41. Defendant denies the allegations in Paragraph 41 of the Complaint because barriers to access to the Website do not exist.

42. Defendant lacks knowledge or information sufficient to form a belief concerning the allegations in Paragraph 42 of the Complaint and therefore denies the allegations in Paragraph 42 of the Complaint. Defendant denies that barriers to access to the Website exist.

43. Defendant denies the allegations in Paragraph 43 of the Complaint including subparagraphs (a) through (c).

44. Defendant denies the allegations in Paragraph 44 of the Complaint.

45. Defendant states that the statutory provision cited in Paragraph 45 of the Complaint speaks for itself and is the best evidence as to its terms and content, and no response to the allegations in Paragraph 45 of the Complaint is therefore required. Defendant denies any alleged implication in Paragraph 45 of the Complaint that suggests that Defendant violated the ADA.

46. Defendant denies the allegations in Paragraph 46 of the Complaint including subparagraphs (a) through (d) because the Website is accessible.

47. Defendant denies the allegations in Paragraph 47 of the Complaint because the Website is accessible.

48. Defendant denies the allegations in Paragraph 48 of the Complaint because the Website is accessible.

49. Defendant denies the allegations in Paragraph 49 of the Complaint because the Website is accessible.

**FIRST CAUSE OF ACTION**
**VIOLATION OF THE AMERICANS WITH DISABILITES ACT OF 1990,**
**42 U.S.C. § 12181 *et seq.***
**[CLAIRES.COM]**

50. Defendant realleges and incorporates by reference its responses to previous paragraphs as if fully stated herein.

51. Defendant states that the statutory provision cited in Paragraph 51 of the Complaint speaks for itself and is the best evidence as to its terms and content, and no response to the allegations in Paragraph 51 of the Complaint is therefore required. Defendant denies any alleged implication in Paragraph 51 of the Complaint that suggests that Defendant violated the ADA.

52. Defendant admits that Claire's physical locations (retail stores) are places of public accommodations. Defendant denies the remaining allegations in Paragraph 52 of the Complaint.

53. Defendant states that the statutory provision cited in Paragraph 53 of the Complaint speaks for itself and is the best evidence as to its terms and content, and no response to the allegations in Paragraph 53 of the Complaint is therefore required. Defendant denies any alleged implication in Paragraph 53 of the Complaint that suggests that Defendant violated the ADA.

54. Defendant states that the statutory provision cited in Paragraph 54 of the Complaint speaks for itself and is the best evidence as to its terms and content, and no response to the allegations in Paragraph 54 of the Complaint is therefore required. Defendant denies any alleged implication in Paragraph 54 of the Complaint that suggests that Defendant violated the ADA.

55. Defendant states that the statutory provision cited in Paragraph 55 of the Complaint speaks for itself and is the best evidence as to its terms and content, and no response to the allegations in Paragraph 55 of the Complaint is therefore required. Defendant denies any alleged implication in Paragraph 55 of the Complaint that suggests that Defendant violated the ADA.

56. Defendant states that the regulation cited in Paragraph 56 of the Complaint speaks for itself and is the best evidence as to its terms and content, and no response to the allegations in Paragraph 56 of the Complaint is therefore required. Defendant denies any alleged implication in Paragraph 56 of the Complaint that suggests that Defendant violated the ADA.

57. Defendant states that the regulation cited in Paragraph 57 of the Complaint speaks for itself and is the best evidence as to its terms and content, and no response to the allegations in Paragraph 57 of the Complaint is therefore required. Defendant denies any alleged implication in Paragraph 57 of the Complaint that suggests that Defendant violated the ADA.

58. Defendant states that the regulation cited in Paragraph 58 of the Complaint speaks for itself and is the best evidence as to its terms and content, and no response to the allegations in Paragraph 58 of the Complaint is therefore required. Defendant denies any alleged implication in Paragraph 58 of the Complaint that suggests that Defendant violated the ADA.

59. Defendant denies the allegations in Paragraph 59 of the Complaint.

60. Defendant denies the allegations in Paragraph 60 of the Complaint. Defendant lacks knowledge or information sufficient to form a belief concerning the allegations in the second of Paragraph 60 of the Complaint and therefore denies those allegations. Defendant denies the remaining allegations in Paragraph 60 of the Complaint.

61. Defendant lacks knowledge or information sufficient to form a belief concerning the allegations relating to whether Plaintiff intends to return to the Website and therefore denies the allegations related thereto. Defendant denies the remaining allegations in Paragraph 62 of the Complaint.

62. Defendant admits that Plaintiff requests relief but denies that he or the putative class is entitled to any relief whatsoever.

## PRAYER FOR RELIEF

Regarding the Wherefore clause of the Complaint, and its corresponding subsections, (a) through (i), Defendant denies that any grounds exist for declaratory, injunctive, or equitable relief, or for monetary damages or attorneys' fees, costs, and expenses, or any other relief against Defendant and for Plaintiff. Defendant further denies all captions, headings, titles, introductory paragraphs and allegations in the Complaint not specifically admitted in this Answer.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because he lacks standing to bring some or all of the claims alleged in the Complaint.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff has requested relief that is either not required under the law or that regard elements that are already in compliance with the ADA.

CASE NO.: 1:17-CV-23953-KING

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because the relief demanded would, if granted, result in a fundamental alteration to the way that Defendant provides goods and services to the public, or is otherwise not required as a matter of law.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff has demanded modifications that would create an undue burden on Defendant.

### FIFTH AFFIRMATIVE DEFENSE

Defendant provides effective communication for persons who are blind or vision impaired to allow them to transact business of the same nature as persons without vision-related disabilities using the Website.

### SIXTH AFFIRMATIVE DEFENSE

The Website is not a *place of public accommodation* under the ADA and therefore Plaintiff's claims should be dismissed.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because there is not a nexus between the Website and any physical location.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff cannot recover compensatory damages pursuant to an alleged violation of Title III of the ADA.

### NINTH AFFIRMATIVE DEFENSE

Defendant asserts all other defenses that may potentially become available as a result of information developed through discovery and any trial.

CASE NO.: 1:17-CV-23953-KING

## CLAIM FOR ATTORNEYS' FEES

Defendant has retained the law firm of Greenberg Traurig, P.A., and has agreed to pay it a reasonable fee for its services. Pursuant to 28 U.S.C. §1927 and 42 U.S.C. §12205, and applicable law, Defendant is entitled to recover attorneys' fees and costs incurred in this action.

Respectfully submitted,

        **GREENBERG TRAURIG, P.A.**

        333 SE 2nd Avenue, Suite 4400
        Miami, Florida 33131
        Telephone: (305) 579-0500
        Facsimile: (305) 579-0717

        By:  /s/ Robert S. Fine
            ROBERT S. FINE
            Florida Bar No. 155586
            E-mail: FineR@gtlaw.com
            ROBERT S. GALBO
            Florida Bar No. 106937
            Email: galbor@gtlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of January, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

            /s/ Robert S. FINE
            ROBERT S. FINE

CASE NO.: 1:17-CV-23953-KING

## SERVICE LIST

*Andres Gomez v. Claire's Stores, Inc.*
**Case No.:  1:17-CV-23953-KING**
**United States District Court, Southern District of Florida**

*Counsel for Plaintiff*:

Jessica L. Kerr, Esq.
The Advocacy Group
333 Las Olas Way, CU3, Suite 311
Fort Lauderdale, FL  33301
Tel: (954) 282-1858
E-mail: service@advocacypa.com